IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Dempsey, III, #271524,           ) | |
| ) | C/A No. 0:08-01054-HFF-PJG |
| Petitioner,           ) | |
| ) | |
| vs.           ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Acting Warden Leroy Cartledge,           ) | |
| ) | |
| Respondent.           ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 14). The petitioner, Douglas Dempsey, III ("Dempsey"), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 15.) Dempsey filed a response in opposition, (Docket Entry 17), and the motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Dempsey was indicted in Spartanburg County for murder (99-GS-42-2846) and unlawful possession of a pistol by a person under the age of twenty-one (00-GS-42-7177). Dempsey was represented by J. Michael Bartosh, Esquire, and from December 11-13, 2000, was tried by a jury and found guilty as charged. (PCR[1] R. on App. at 1-335, Docket Entry 13-10 at 3.) The circuit court sentenced Dempsey to forty years in prison for murder (99-GS-42-2846) and five years

---

[1]Post-Conviction Relief.

imprisonment for unlawful possession of a pistol by a person under twenty-one (00-GS-42-7177). (Id.)  On direct appeal, the South Carolina Court of Appeals affirmed Dempsey's conviction.  State v. Dempsey, Unpub. Op. No. 2002-UP-717 (S.C. Ct. App. November 19, 2002);  (see also Docket Entry 13-4).

Dempsey then filed an application for post-conviction relief ("PCR").  (Dempsey v. State of South Carolina, 03-CP-42-1332, PCR R. on App. at 336, Docket Entry 13-14 at 8.)  He raised the following issues in his application: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; and (3) a double-jeopardy violation.  (PCR R. on App. at 338, Docket Entry 13-14 at 10).  Along with his application, Dempsey submitted a *pro se* brief in which he raised ten issues, including, "Was defense counsel ineffective in failing to challenge illegally obtained evidence by police at trial of this case?"  (PCR R. on App. at 351, Docket Entry 13-14 at 23.)  The PCR court denied Dempsey's application by order filed December 19, 2005.  (PCR R. on App. at 441, Docket Entry 13-15 at 36.)  The South Carolina Court of Appeals denied Dempsey's petition for a writ of certiorari and issued a remittitur on October 26, 2007.

In Dempsey's petition for a writ of habeas corpus, he raises the following claims:

**Ground One:**  Ineffective Assistance of Counsel

> **Supporting Facts:**  Trial counsel's failure to raise Fourth Amendment violation claim at trial denied Petitioner an opportunity to move for suppression of evidence seized illegally during trial.  Petitioner thus could not present the Fourth Amendment Violation to the S.C. Supreme Court–and was thereby denied an opportunity for full and fair litigation of the claim (Ground Two, infra) in the state courts.

**Ground Two:**  Fourth Amendment Violation

> **Supporting Facts:** Petitioner's Fourth Amendment right was violated based on the manner of how Police Officers obtained consent to search a vehicle within control of Petitioner–of which, evidence found in vehicle was used



    against Petitioner at trial.  (For more on this ground see attac[h]ment under ground two).

(See Pet., Docket Entry 1.)

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e).  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.    Habeas Corpus Standard of Review**

**1.    Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).[2]

---

[2]Section 2254 also requires that a habeas corpus petitioner exhaust his state court remedies before seeking federal relief. See 28 U.S.C. § 2254(b)(1)(A). The respondent does not appear to dispute in this matter that Dempsey has exhausted his state remedies with regard to the two issues he raises in the instant petition.



**2.    Respondent's Motion for Summary Judgment**

Dempsey's first ground for relief is "Ineffective Assistance of Counsel." He asserts that trial counsel was ineffective because he failed to move to suppress evidence of the victim's blood obtained from a Ford Taurus belonging to a relative of Dempsey.

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, a habeas petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) the petitioner was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Dempsey must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. Id. at 688; Gardner v. Ozmint, 511 F.3d 420, 425 (4th Cir. 2007). With regard to the second prong of Strickland, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Here, Dempsey cannot show that the courts of South Carolina unreasonably misapplied clearly established federal law in rejecting Dempsey's claim that trial counsel was deficient. See Williams v. Taylor, 529 U.S. 362, 410 (2000); Illinois v. Rodriguez, 497 U.S. 177 (1990) (discussing consensual searches under the Fourth Amendment); Rakas v. Illinois, 439 U.S. 128 (1978) (discussing expectation of privacy with regard to motor vehicles). In Rodriguez, the United States Supreme Court held that the Fourth Amendment's requirement of a search warrant does not



apply to situations where voluntary consent has been obtained, either from the individual whose property is searched, or from a third party with common authority over the premises. <u>Rodriguez</u>, 497 U.S. at 181. Moreover, "as long as 'the facts available to the officer at the moment . . . warrant a [person] of reasonable caution in the belief that the consenting party had authority,' apparent authority to consent exists, and evidence seized or searched pursuant to that consent need not be suppressed." <u>United States v. Buckner</u>, 473 F.3d 551, 555 (4th Cir. 2007) (quoting <u>Rodriguez</u>, 439 U.S. at 188). Furthermore, the Supreme Court has held that a passenger of a vehicle who does not have a property or possessory interest in the vehicle and has not demonstrated a legitimate expectation of privacy in the vehicle does not have standing to suppress evidence discovered in a search of that vehicle. <u>Rakas</u>, 439 U.S. 128.

PCR counsel testified that he did not move to suppress the evidence obtained from the Ford because he believed the officers had consent to search and because Dempsey did not own the Ford. (PCR R. on App. at 431, 433-34, Docket Entry 13-15 at 26, 28-29.) The PCR court found that Dempsey did not have a reasonable expectation of privacy in the Ford because the vehicle did not belong to him and was accessible to "anyone with permission of the person in possession of the car." (PCR R. on App. at 448, Docket Entry 13-15 at 45.) Further, according to one of the investigation reports, the investigators located the Ford at the owner's place of business and asked the owner's ex-wife to contact him. After obtaining consent from the owner, the owner's ex-wife signed the "Permission to Search" form. (Docket Entry 17-3 at 4.)

Based on <u>Rodriguez</u> and <u>Rakas</u>, the state courts properly rejected Dempsey's challenge to the effectiveness of his counsel on this ground, as counsel's decision was not below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. <u>See</u> <u>Strickland</u>, 466 U.S. at 688. Dempsey did not own the Ford, was not in possession of the Ford

when it was searched, and has not presented evidence that he had a reasonable expectation of privacy in the Ford. Therefore, counsel reasonably concluded that suppression would not have been warranted. Moreover, even though Dempsey submitted an affidavit executed by the owner of the Ford that he did not consent to the search of the Ford, (Docket Entry 17-3 at 14), Dempsey has offered no evidence that the officers did not reasonably believe that the owner's ex-wife, after speaking with the owner, had apparent authority to authorize the search. See Buckner, 473 F.3d at 555. Therefore, Dempsey's claim of ineffective assistance of counsel does not warrant federal habeas corpus relief.

Dempsey's second ground for relief is "Fourth Amendment Violation" based on the same facts as discussed above. This claim must be rejected because an alleged violation of the Fourth Amendment as a freestanding claim cannot constitute grounds for habeas relief. See Stone v. Powell, 428 U.S. 465, 494 (1976) (concluding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").

### RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 26, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).